PeaRSON, J.
 

 There is plenary proof of the fact, that the child Isabel survived her father, Henry Allen.; indeed, the counsel for the defendants admit this fact. It disposes of the case. The land descended to Isabel, subject to her mother’s right of dower; by her death, the mother became entitled to a life-estate in the whole of the premises, ;and had no occasion to fall back upon her right to dower. The remaining question depends upon the construction of the deed of William Allen to Mary Allen, 2nd Eobrnary, 1851, by which he conveys to her “ my interest in my brother Henry’s property.” As the land descended from Henry to his daughter Isabel, although upon her death, her uncle, William Allen, became entitled to an undivided part thereof, as one of
 
 her
 
 heirs-at-law, this cannot, .by any mode of construction, be included under the words
 
 “
 
 my interest in my brother Henry’s property.” The interest which he takes as heir of his niece, is an undivided part, subject to a life-estate of his brother’s widow in
 
 the whole ;
 
 whereas, the interest that he would have taken as heir of his brother, had he survived his daughter, would have been an undivided part, subject to a life-estate of his brotiler’s widow in
 
 one-third
 
 thereof. So, the subject matter is essentially different, and the words of the deed do not embrace it; consequently, the plaintiff, by her purchase at sheriff’s sale of the estate of William Allen, as one of the heirs of his niece Isabel, became entitled to the share of the said William in the reversion, subject to her life-estate, and thereby became a tenant in common with the defendants, in the reversion.
 

 This question was suggested: as the defendants deny the tenancy in common, should not the plaintiff, according to the course of the Court-, establish her title as a tenant in common, by an action of ejectment, before she can ask for partition 2 Such is the rule in ordinary cases.
 
 Garrett
 
 v. White, 3 Ire. Eq. 131. But in this case, as the plaintiff is in possession, and is entitled to a life-estate, and the tenancy in common is in re-
 
 *238
 
 specfc to tbe reversion only, an action of ejectment cannot be brought for the purpose of establishing her title as tenant in common of the reversion. In analogy to the rule in regard, to chattels, where one tenant in common cannot maintain an action against his co-tenants, unless the property be destroyed, as settled in
 
 Weeks
 
 v.
 
 Weeks,
 
 5 Ire. Eq. 111, we think the plaintiff is entitled to the decree prayed for. Resides the fact that the plaintiff cannot bring an action at law, there is the further consideration in this case, that the whole depends upon a mere matter of construction, which we are as well able to decide in this Court, as if the matter were brought before us. sitting as a Court of law. The only material fact upon which the whole case turns is admitted, the denial of a tenancy in common being predicated in the answers upon a denial' of a fact which is now admitted, to ewit, the fact that the child outlived her father. "
 

 Pbk CuuiaM. - Decree for plaintiff.